### TENTZER v. ERLANGER et al.

#### (Supreme Court, Appellate Term. May 27, 1909.)

LANDLORD AND TENANT (§ 166*)—INJURY TO PROPERTY ON PREMISES—ACTION—NEGLIGENCE OF LANDLORD.

    An undertenant, in a building the upper floors of which were rented to other tenants, could not recover of the landlord for damage to his goods from water flowing into his store from a defective pipe and toilet on an upper floor, in the absence of proof that the overflow was caused by the landlord's negligence.

    [Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 651; Dec. Dig. § 166.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Abraham J. Tentzer against Michael Erlanger and another. Judgment for plaintiff, and defendants appeal. Reversed, and new trial ordered.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Weill & Weill, for appellants.

Isidore Siegeltuch, for respondent.

SEABURY, J. The plaintiff sues to recover damages for injuries to personal property alleged to have been caused by the negligence of the defendants. The defendants were the owners of the premises No. 866 Tenth avenue, New York City. The plaintiff was an undertenant in this building, and conducted a clothing store on the ground floor. The upper floors of the building were rented by the defendants to various tenants. The ground upon which the plaintiff seeks to hold the defendants liable for injury to his property, which was in his clothing store, is that water flowed into his store from a defective pipe on the third floor and from a defective toilet on the same floor.

While the plaintiff proved his damages resulting from the overflow of water, he did not prove that this overflow was caused by the negligence of the defendants. The evidence which was offered to show that the pipes from which the water flowed were under the control of the defendants is weak and doubtful. The mere fact that there was an overflow which damaged the plaintiff's property is not sufficient to give him a cause of action against the defendants. To entitle him to recover, the burden was upon the plaintiff to show that the damage to his property was caused solely by the negligence of the defendants. This burden the plaintiff did not sustain in this case.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.